UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE SMITH,
    Plaintiff,                                        Civil Action No. 2:12-CV-11081
v.                                                 Honorable Patrick J. Duggan
JACKIE JONES,
    Defendant ,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Before the Court is Plaintiff Willie Smith's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Oakland County Jail. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

Plaintiff has been allowed to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). The Court must dismiss any action filed without prepayment of the filing fee or any action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity where the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

In his complaint, Plaintiff claims that Defendant, his probation agent, lied at his probation violation hearing about the number of times Plaintiff did not show up for substance abuse treatment. Plaintiff also asserts that the court reporter did not accurately transcribe all of Defendant's statements at the violation hearing. Plaintiff alleges that

Defendant's actions resulted in Plaintiff receiving a one-year jail sentence, the loss of his private investigator licence, and the loss of his licence to carry a concealed weapon.  The complaint seeks "the relief that Eastern District Court finds to be appropriate."  Plaintiff's complaint is subject to dismissal under §§ 1915(e)(2)(B) and 1915A for several reasons.

First, to the extent Plaintiff seeks monetary damages arising from his criminal conviction, he is not able to obtain such damages absent a showing that his criminal conviction has been overturned.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994).  A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated.  *Id*.  Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus.  Therefore, his allegations relating to his criminal prosecution, conviction, and incarceration against Defendant fail to state a claim for which relief may be granted and must be dismissed.  *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004).

Plaintiff's complaint also is subject to dismissal to the extent he is seeking to have his criminal conviction vacated or set aside in this action.  Where a state prisoner is

challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See id*. An action which is properly one for habeas relief does not state a cognizable claim under § 1983.

This Court will not convert Plaintiff's complaint in this matter to a petition for a writ of habeas corpus. The Court has no information that Plaintiff exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c) to obtain federal habeas relief, and Plaintiff has not complied with the Rules Governing Section 2254 Cases. *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001).

For the foregoing reasons,

**IT IS ORDERED**, that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

Date: April 10, 2012              s/Patrick J. Duggan
                                  United States District Judge

Copy to:
Willie Smith, c/o Oakland County Jail
P.O. Box 436017
Pontiac, MI 48343